```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| MIDWEST LABORATORIES, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CV504 |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICAN FIDELITY ASSURANCE, | ) | MEMORANDUM AND ORDER |
| and HDM BENEFIT SOLUTIONS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The defendants removed this case to federal court on the basis of federal question subject matter jurisdiction, claiming the plaintiff's state law claims are completely preempted by the Employment Retirement Income Security Act ("ERISA"). See filing 1, notice of removal. Pending before me is the plaintiff's motion to remand this case to the District Court of Douglas County, Nebraska. Filing 23. Neither defendant responded to the motion.

For the reasons discussed herein, I conclude there is no federal subject matter jurisdiction over this case and it must be remanded.

**THE COMPLAINT**

The threshold requirement for removal under 28 U.S.C. sections 1331 and 1441 is finding that the complaint contains a cause of action within the original jurisdiction of the district court. "Federal question jurisdiction exists if the 'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily

depends on resolution of a substantial question of federal law.'" Williams v. Ragnone, 147 F.3d 700, 702 (8th Cir. 1998)(quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)).

 A corollary to the well-pleaded complaint rule, known as the complete preemption doctrine, provides that "Congress may so completely preempt a particular area that a civil complaint raising this select group of claims is necessarily federal in character." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-63 (1987).  In such a case, even if the only claim in a complaint is a state law claim, if that claim is one that is "completely preempted" by federal law, federal subject matter jurisdiction exists and removal is appropriate.  Metropolitan Life Ins., 481 U.S. at 63-64.

 The plaintiff's complaint alleges state law theories of recovery based on breach of contract.  Specifically, the plaintiff alleges:

- The plaintiff Midwest Laboratories, Inc. ("Midwest") paid medical expenses on behalf of an employee pursuant to the terms of a self-funded employee welfare benefit plan governed by ERISA.  Midwest's complaint raises no claims for unpaid benefits owed the employee under the Plan terms and no claims for reimbursement based on subrogation theories.

- Rather, Midwest alleges that it paid amounts owed under the Plan, and if entitled to reimbursement of a portion of those payments pursuant to a "stop loss" insurance policy it purchased from American Fidelity Assurance Company ("AFA").  Midwest claims that under the terms of that policy, AFA is required to reimburse Midwest to the extent that its payment on a medical claim  exceeds $100,000.  Midwest claims it made Plan payments exceeding $100,000 and has demanded reimbursement from AFA, but AFA has breached its contract with Midwest by failing to pay pursuant to the policy terms.  Midwest seeks damages under the policy.

- Midwest also alleges that it contracted with HDM Benefit Solutions Corporation ("HDM") to serve as the third-party administrator of the Plan.  Midwest seeks damages from HDM for failing to timely send medical payments to service providers and failing to provide administrative services.

- The Midwest/AFA insurance policy and the Midwest/HDM Administrative Services Agreement are attached to the plaintiff's complaint as Exhibits A and B, respectively.  Neither the plan itself nor any explanation of its terms are part of the court's record.

**LEGAL ANALYSIS**

The defendants' removal notice states that federal jurisdiction exists because the plaintiff's claim arises under ERISA (29 U.S.C. §§ 1001-1461), ERISA preempts these claims, and the court therefore has subject matter jurisdiction.  The plaintiff admits that it is seeking reimbursement of amounts paid pursuant to the terms of an ERISA plan, but it argues that the claims filed against the defendants do not relate to or arise from the ERISA Plan and are not regulated by the ERISA statutory scheme.  Midwest claims its complaint alleges common law breach of contract actions that do not affect or conflict with ERISA.

Though the plaintiff admits that the underlying basis for damage claim is amounts it paid on an ERISA employee benefits plan, this reference to ERISA as the source of damages does not establish that ERISA preempts Midwest's recovery on state common law theories of liability.

> Not all state law claims that somehow affect [an ERISA] plan are preempted.  The Supreme Court has noted that "[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan."  . . . Some actions involving ERISA plans are clearly of this sort: "run-of-the-mill state-law claims such as

3

>   unpaid rent, failure to pay creditors, or even torts committed by an ERISA plan ... although obviously affecting and involving ERISA plans and their trustees, are not pre-empted by ERISA."
>
>   Between the poles of those laws and claims that clearly "relate to" an ERISA plan and those that are clearly too tenuously related are a host of state laws that pose more difficult questions of preemption.

Bannister v. Sorenson, 103 F.3d 632, 635 (8th Cir. 1996)(quoting Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 100 n. 21 (1983) & Mackey v. Lanier Collection Agency & Serv., 486 U.S. 825, 833 (1988)).

The Eighth Circuit considers six factors in determining whether a state law "relates to" an ERISA plan, none of which is itself determinative.  These factors, which focus and clarify the court's analysis, include:

>   (1) whether the state law negates a plan provision;
>
>   (2) the effect on primary ERISA entities and impact on plan structure;
>
>   (3) the impact on plan administration;
>
>   (4) the economic impact on the plan;
>
>   (5) whether preemption is consistent with other provisions of ERISA; and
>
>   (6) whether the state law at issue is an exercise of traditional state power.

Id.

The court is ill-equipped to analyze the first four listed factors because the court's record contains neither the Plan itself nor any detailed information about the Plan.  In fact, the court assumes for the purpose of this order that the Plan is

governed by ERISA only because both parties say it is; there are no facts before the court to independently assess the Plan. See Bannister v. Sorenson, 103 F.3d 632 (8th Cir. 1996)(reversing partial summary judgment based on ERISA preemption and remanding question of subject matter jurisdiction where parties disputed whether the plan was governed by ERISA; the court must first decide if the plan is governed by ERISA because if it is not, a the suit cannot "relate to" an ERISA plan).

It is clear from the plaintiff's complaint, however, that Midwest is not seeking recovery from the plan itself, nor to change the structure of the plan or its administration. The suit is against Midwest's "stop loss" insurance carrier and a third party plan administrator for losses incurred by Midwest due to the defendants' alleged breach of their contractual duties to Midwest.

The plaintiff's suit relies on the "traditional state power" to regulate contracts. In the context of this action, enforcement of those state contractual rights is not inconsistent with the provisions of ERISA. Moreover, ERISA does not ordinarily preempt claims arising out of a relationship between a plan itself and its outside service providers. See e.g. Geweke Ford v. St. Joseph's Omni Preferred Care Inc., 130 F.3d 1355, 1360 (9th Cir. 1997)(contract claims against plan's third-party administrator and insurer for failure to repay plan for its expenses was not preempted under ERISA); Coyne & Delaney Co. v. Selman, 98 F.3d 1457, 1466-67 (4th Cir. 1996)(self-funded plan was "harmed" when it was required to pay $160,000 to cover part of nonparticipant's medical bills and malpractice claims against plan's insurance consultants to recover this loss were not preempted); Hospice of Metro Denver, Inc. v. Group Health Ins. of Oklahoma Inc., 944 F.2d 752, 756 (10th Cir. 1991)("Denying ... a

state law action based upon misrepresentation by the plan's insurer in no way furthers the purposes of ERISA."); Memorial Hosp. Sys. v. Northbrook Life Ins. Co., 904 F.2d 236, 250 (5th Cir. 1990)(ERISA did not preempt a hospital's state law claim against an insurer for misrepresenting a plan beneficiary's coverage because the claim did not relate to the terms or conditions of a welfare plan and only tangentially affected its ongoing administration); Analytical Surveys, Inc. v. Intercare Health Plans, Inc., 101 F.Supp.2d 727 (S.D. Ind. 2000)(claims by employer as sponsor of self-funded employee benefit plan against plan administrator and excess insurer for breach of contract and gross negligence in failing to timely process claims was not preempted by ERISA); Strategic Outsourcing, Inc. v. Commerce Benefits Group Agency, Inc., 54 F. Supp. 2d 566, 573 (W.D.N.C. 1999)(reinsurance coverage does not provide insurance benefits for plan participants but excess liability coverage for the employer and, as such, falls outside the scope of both the plan and ERISA); Union Health Care, Inc. v. John Alden Life Ins. Co., 908 F. Supp. 429 (S. D. Miss. 1995)(ERISA did not preempt employer's claims against employee health plan administrator and stop-loss insurer for breach of contract arising out of administrator's alleged failure to timely notify insurer of excess claims and insurer's consequent denial of claims); Cook Wholesale of Medina, Inc. v. Connecticut General Life Ins. Co., 898 F. Supp. 151, 156 (W.D.N.Y. 1995)(claims relating to the relationship between the plan and an insurance broker are normally not preempted); Bourns, Inc. v. KPMG Peat Marwick, 876 F. Supp. 1116, 1121 (C. D. Cal. 1994)(finding no ERISA preemption of state law claims by plan against its accountant).

   The defendants removed the plaintiff's action to federal court and therefore bear the burden of establishing federal subject matter jurisdiction.  Green v. Ameritrade, Inc., 279 F.3d

6

590 (8th Cir. 2002).  Based on the record before me, I conclude the defendants have failed to prove that the plaintiff's claim, or any part of it, is preempted by ERISA.  Absent ERISA preemption, no federal question jurisdiction exists and this case must be remanded to the District Court of Douglas County.

    IT THEREFORE HEREBY IS ORDERED:  The plaintiff's motion to remand this case to the District Court of Douglas County, Nebraska, filing 23, is granted.

    DATED this 22nd day of April, 2005.

                            BY THE COURT:

                            s/ *David L. Piester*
                            David L. Piester
                            United States Magistrate Judge